UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CLEO WILLIS, Sr., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:15cv0037 TCM ) |
| JOHN MORGAN and RYAN WESSEL, | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This action is before the Court on the opposed separate motions of John Morgan and Ryan Wessel for summary judgment[1] on the claims of Plaintiff, Cleo Willis, Sr., that he has been discriminated against because of his race and gender, in violation of the Fair Housing Act (FHA), 42 U.S.C. § 3604(a), (b).[2] [Docs. 17, 19]

## Background

Plaintiff, an African-American man, alleges in his verified complaint that he was a tenant in a building owned by Morgan.[3] (Compl. at 5.) He had a rent subsidy from the St. Louis Housing Authority. (Id.) In the Fall of 2014, Plaintiff had at least two conversations

---

[1]The motions were captioned as motions to dismiss; however, because each relied on matters outside the allegations of the complaint, each were converted to motions for summary judgment.

[2]Plaintiff also alleges that he is claiming a violation of the Civil Rights Act of 1964, but does not identify any specific provisions. He was granted leave to proceed in forma pauperis only on his Fair Housing Act claims.

[3]Plaintiff also named STL Real Estate as a defendant. The district court did not grant him leave to proceed in forma pauperis against STL Real Estate and dismissed that defendant.

with Morgan during which Morgan told him he was a good tenant and he did not want Plaintiff to move out. (Id. at 5-6.) Morgan also told him he would rent Plaintiff the two bedroom apartment Plaintiff was no longer qualified for under the voucher program as a one bedroom. (Id. at 6.)

Later in the Fall, Morgan's mother told Plaintiff that Morgan was selling the building. (Id. at 6.) She also told him not to worry about his lease because it would be at least two years before the building sold. (Id.) Concerned because he had just signed a lease, Plaintiff called Morgan and was told that Morgan was selling the building. (Id.) Morgan also told Plaintiff that the new owner would have to honor Plaintiff's lease. (Id.)

Wessel, a Caucasian man, bought the building and initiated proceedings to evict Plaintiff. (Id.) He continues to harass Plaintiff. (Id. at 7.)

Plaintiff later discovered that Morgan never forwarded the necessary documents to the Housing Authority for Plaintiff to remain in the apartment after the building was sold. (Id.)

Plaintiff was granted leave by the Honorable Carol E. Jackson, United States District Judge, to proceed in forma pauperis on his claims that Morgan's and Wessel's actions violate the FHA. (See Order, ECF No. 5.)

In his motion, Wessel argues that, on behalf of the new owner of the building, STL Real Estate Properties, he "lawfully demanded that the payment of rent be made" to that owner for January and February 2015, lawfully terminated the month-to-month tenancy of

Plaintiff and demanded that he quit the premises, and lawfully declined "to participate in the Housing Assistance Payment Program and/or the Section 8 Voucher Program." (Wessel Mot. at 2-3.)

In his motion, Morgan alleges that he sold the property at issue, 4153 Flad Avenue, St. Louis, Missouri, to STL Real Estate Properties, LLC, in December 2014. (Morgan Mem. at 1., ECF No. 20.) He had told Plaintiff he was going to sell the building and consequently did not sign a lease or "intent to lease" with Plaintiff – a requirement for participation in the Housing Authority voucher program. (Id. at 4.) Attached to Morgan's memorandum are three exhibits. One is a copy of a general warranty deed dated December 24, 2014, between SFB Properties, LLC, and STL Real Estate Properties, LLC, for the sale of the property at 4153 Flad Avenue. (Morgan's Ex. A.) Morgan's name does not appear on the deed. (Id.) Another exhibit is a letter addressed to Plaintiff dated January 7, 2015, terminating his lease and apparently signed by John T. Banjak. (Morgan's Ex. B.) The third is a one-year lease beginning December 2011 for a unit at 4153 Flad Avenue and identifying Morgan as the landlord and Plaintiff as the tenant. (Morgan's Ex. C.)

In response,[4] Plaintiff repeats his allegations that Morgan and Wessel knowingly and willfully discriminated against him.

---

[4]Plaintiff captioned his pleading as a motion for summary judgment. The body of the motion is a response to the two pending motions filed by Defendants and will be construed as such. In his response, Plaintiff refers to acts of "STL Re-estate." He is reminded that he was granted leave to proceed in forma pauperis only against Morgan and Wessel.

**Discussion**

Summary judgment under Rule 56(a) of the Federal Rules of Civil Procedure "is proper 'if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.'" **Togerson v. City of Rochester**, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc) (quoting Rule 56(c)(2)); accord **Rester v. Stephens Media, LLC**, 739 F.3d 1127, 1130 (8th Cir. 2014). "[T]he burden of demonstrating there are no genuine issues of material fact rests on the moving party." **Allard v. Baldwin**, 779 F.3d 768, 771 (8th Cir. 2015). Thus, "[t]he moving party bears the initial responsibility of informing the [Court] of the basis of its motion and identifying those materials, if any, that demonstrate an absence of a genuine issue of material fact." **Johnson v. Wheeling Machine Products**, 779 F.3d 514, 517 (8th Cir. 2015). "[T]he requisite 'genuine dispute,' Fed.R.Civ.P. 56(a), must appear in *admissible* evidence." **Crews v. Monarch Fire Protection Dist.**, 771 F.3d 1085, 1092 (8th Cir. 2014).

Wessel has submitted no admissible evidence in support of his motion for summary judgment. There is no affidavit or discovery materials attached to his motion. Instead, his factual allegations are hearsay statements made by counsel in the motion and supporting memorandum. See **United States v. Bailey**, 571 F.3d 791, 802 (8th Cir. 2009) (inadmissible hearsay evidence does not create genuine issue of material fact); **Wittenburg v. Am. Exp.**

**Financial Advisors, Inc.**, 464 F.3d 831, 838 (8th Cir. 2006) ("[A]rguments of counsel are not evidence.").

Morgan has submitted three exhibits in support of his motion. One is a copy of a deed from one limited liability company to another. There is no evidence of any relationship of Morgan to either company. One is a copy of a letter dated after Morgan alleges he sold the Flad Avenue property; he is neither the purported sender nor recipient. The third is a copy of an unsigned 2011 lease. The complained-of actions occurred in the Fall of 2014 and the Winter of 2015. None of the three exhibits support the allegations made by his counsel in his motion or supporting memorandum.

Under Rule 56(e), the Court has several options available to it when, as here, a party "fails to properly support an assertion of fact." Fed.R.Civ.P. 56(e). Given the original presentation of these motions as ones to dismiss, the early stages of the case, and Plaintiff's pro se status, the Court elects option (4) – "issue any other appropriate order." The motions will be denied without prejudice to their refiling with the proper support for any factual assertions.

Accordingly,

**IT IS HEREBY ORDERED** that the motion for summary judgment filed by Ryan Wessel [Doc. 17] and the motion for summary judgment filed by John Morgan [Doc. 19] are each **DENIED** without prejudice as set forth above.

**IT IS FURTHER ORDERED** that the motion by Ryan Wessel to compel discovery from Plaintiff [Doc. 29] is set for a hearing in **Courtroom 13N** on **Monday, June 29, 2015**, at **9:30 a.m.**

**IT IS FINALLY ORDERED** that a Rule 16 scheduling conference shall be held in **Courtroom 13N** on **Monday, June 29, 2015**, **immediately following the motion hearing**. **Plaintiff and counsel for Defendants must all appear** and must be prepared to discuss and deadlines for (a) the close of discovery and (b) the filing of dispositive motions. **A trial date will be set at this conference**.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this  21st  day of May, 2015.