IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| CLEO WILLIS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:15CV37 |
| v. | ) | |
| | ) | |
| JOHN MORGAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT RYAN WESSELS' VERIFIED MOTION FOR SUMMARY JUDGMENT**

COMES NOW, Defendant Ryan Wessels, by and through his attorney, and for his Rule 56 Motion for Summary Judgment states and alleges as follows:

**STATEMENT OF UNDISPUTED FACTS**

The following facts are undisputed:

1.    Plaintiff Cleo Willis allegedly asserts a claim under the Fair Housing Act of 1968. (Complaint, para. 1)

2.    Plaintiff Cleo Willis attached to the Complaint a multiple page narrative of his allegations against Defendant Ryan Wessels.  (Complaint, Attachment)

3.    In the Complaint, Plaintiff Cleo Willis alleges that Plaintiff Ryan Wessels engaged in the following conduct:

        a.    "Wessell called me and began to harass me and railroad me to move, to give him rent money, yet never produce document that he bought the building."  (Complaint, p. 5)

        b.    "Wessell is white, I am black."  (Complaint, p. 5)

        c.    "The house was quickly sold to a Ryan Wessel."  (Complaint, p. 6)

        d.    "Ryan Wessel began to harass me to move out in the cold weather of February."  (Complaint, p. 6)

1

e.      "He even told me there were grounds to evict me." (Complaint, p. 6)

f.      "I am being harassed by the new owner."  (Complaint, p. 7)

g.      "Wessel still calling me, harassing me and told me to give him the rent money and to be out by February."  (Complaint, p. 7)

h.      "Wessel never returned the Housing Authority second call as it relates to proof that he bought the building."  (Complaint, p. 7)

4.       The allegations made by Plaintiff Cleo Willis describe lawful, non-discriminatory conduct by Defendant Ryan Wessels as follows:

a.      Defendant Ryan Wessels, acting on behalf of STL Real Estate Properties, LLC as the new owner of the leased premises, lawfully notified Defendant Cleo Willis that there was a change in ownership of the leased premises.  (Affidavit of James Manning, para. 3)

b.      Defendant Ryan Wessels, acting on behalf of STL Real Estate Properties, LLC as the new owner of the leased premises, lawfully demanded that the payment of rent be made to the new owner of the leased premises for rent for the months of January, 2015, and February, 2015.  (Affidavit of James Manning, para. 4)

c.      Defendant Ryan Wessels, acting on behalf of STL Real Estate Properties, LLC as the new owner of the leased premises, lawfully elected to not enter into a new lease or extend or otherwise renew an expired lease for the leased premises with Plaintiff Cleo Willis or any other tenant then occupying the leased premises.  (Affidavit of James Manning, para. 5)

d.      Defendant Ryan Wessels, acting on behalf of STL Real Estate Properties, LLC as the new owner of the leased premises, lawfully terminated the holdover tenancy, month to month tenancy or lease of Plaintiff Cleo Willis by providing notice of the termination of the tenancy of Plaintiff Cleo Willis and by making a demand upon the Plaintiff Cleo Willis to quit or

2

otherwise surrender possession of the leased premises on or before February 28, 2015.  (Affidavit of James Manning, para. 6)

e.      Defendant Ryan Wessels, acting on behalf of STL Real Estate Properties, LLC as the new owner, lawfully terminated the holdover tenancy, month to month tenancy or lease for legitimate, non-discriminatory business reasons, including (1) the purchase of the leased premises with the intent to rehabilitate the leased premises and to sell the leased premises after rehabilitation and (2) the failure and continued refusal of Plaintiff Cleo Willis to pay the monthly rent when due.  (Affidavit of James Manning, para. 7)

f.      Defendant Ryan Wessels, acting on behalf of STL Real Estate Properties, LLC as the new owner, lawfully declined to participate or continue to participate in the Housing Assistance Payment Program and/or the Section 8 Voucher Program.   (Affidavit of James Manning, para. 8)

g.      Defendant Ryan Wessels, acting on behalf of STL Real Estate Properties, LLC as the new owner, lawfully threatened to evict Plaintiff Cleo Willis by judicial process where (1) Plaintiff Cleo Willis failed and refused to acknowledge STL Real Estate Properties, LLC as the new owner of the leased premises, (2) Plaintiff Cleo Willis failed and refused to pay the monthly rent when due to the new owner for the months of January, 2015, and February, 2015), and/or (3)  Plaintiff Cleo Willis clearly and unequivocally expressed an intention to remain in possession of the leased premises after the termination of his right to occupy the leased premises without the payment of rent.  (Affidavit of James Manning, para. 9)

h.      Defendant Ryan Wessels, acting on behalf of STL Real Estate Properties, LLC as the new owner, may lawfully evict Plaintiff Cleo Willis from the leased premises by judicial process either (1) for failure to pay the monthly rent for January, 2015, and thereafter and

(2) for failure to surrender possession of the leased premises on or before February 28, 2015. (Affidavit of James Manning, para. 10)

   i. Defendant Ryan Wessels, acting on behalf of STL Real Estate Properties, LLC as the new owner, may lawfully evict a tenant during a time of cold weather.  (Affidavit of James Manning, para. 11)

  5. Plaintiff Cleo Willis, in response to Defendant's First Set of Interrogatories, has offered no evidence to support his claim of race discrimination, except his repeated allegation that discrimination is established because Plaintiff Cleo Willis is black and Defendant Ryan Wessels is white and because the transfer of the leased premises to STL Real Estate Properties, LLC was illegal.

   a. Interrogatory No. 12.  State with particularity all facts that support your contention that STL Real Estate Properties, LLC and/or Ryan Wessels acted in a discriminatory manner or otherwise violated any federal, state or local fair housing law in the rental of the leased premises located at 4153 Flad Avenue.

   b. Answer:  I called the police on STL Real Estate and John Morgan because of there discriminatory acts.

   c. Interrogatory No. 13.  State with particularity all facts that support your contention that STL Real Estate Properties, LLC and/or Ryan Wessels treated you differently than the other tenants occupying the leased premises located at 4153 Flad Avenue.

   d. Answer:  STL Real Estate did not own the building on Flad.  They would not have treated me the way they did if I was white.

   e. Interrogatory No. 14.  State with particularity all facts that support your contention that STL Real Estate Properties, LLC and/or Ryan Wessels discriminated against you

4

based on race in connection with the leasing or rental of the leased premises located at 4153 Flad Avenue.

f.      Answer: By saying they own the building get out. I believe they lied sayin they own the building because I was black and on Section 8.

g.      Interrogatory No. 15. State with particularity all facts that support your contention that STL Real Estate Properties, LLC and/or Ryan Wessels discriminated against you based on race in STL Real Estate Properties, LLC's decision not to participate in the Section 8 program.

h.      Answer: The facts are true that police had to be called on Wessel because of his activities and discriminatory behavior.

i.      Interrogatory 16. State with particularity all facts that support your contention that STL Real Estate Properties, LLC and/or Ryan Wessels discriminated against you based on race in STL Real Estate Properties, LLC's eviction of you from the leased premises located at 4153 Flad Avenue.

j.      Answer: There was never a lease with STL Real Estate. They would have never done this to me if I was not black or on Section 8. Not a black activist.

## ENTITLEMENT TO SUMMARY JUDGMENT AS A MATTER OF LAW

6.      The Court should grant Defendant Ryan Wessels' Motion for Summary Judgment on the grounds:

a.      Plaintiff Cleo Willis has failed to allege or offer proof that he was otherwise qualified to occupy or continue to occupy the leased premises. Specifically, there is no allegation or offer of proof that, after the transfer of ownership of the leased premises to STL Real Estate Properties, LLC, Plaintiff Cleo Willis paid the monthly rent when due to STL Real Estate

5

Properties, LLC as the new owner.  Plaintiff Cleo Willis cannot and will not be able to allege or prove that he has paid the monthly rent for the months of January, 2015, and February, 2015.  The state trial court expressly found that rent was in arrears for these months.  (Affidavit of James Manning, para. 10)

b.      Plaintiff Cleo Willis has failed to allege or offer proof that he had a right to continue to occupy the leased premises after the expiration of his lease and/or after the termination of his tenancy.  Specifically, there is no allegation that there is any lease agreement renewing or extending the lease term.  Plaintiff Cleo Willis cannot and will not be able to allege or prove either that he signed a renewal lease or that the new owner does not have the right to terminate any existing lease or tenancy.  In fact, Plaintiff Cleo Willis admits that he is unable, after inquiry, to locate a signed copy of his lease. (Affidavit of James Manning, para. 10)

c.      Plaintiff Cleo Willis has failed to allege or offer proof that Defendant Ryan Wessels terminated his tenancy based on a racially discriminatory motive or that Defendant Ryan Wessels engaged or performed an unlawful discriminatory housing practice.[1]  Specifically, there is no allegation or offer of proof that the decision to purchase the leased premises, to rehabilitate the leased premises, and to sell the leased premises after rehabilitation was motivated by Plaintiff Cleo Willis' race or that the demand for rent, notice of termination of tenancy, or threatened eviction were motivated by race.  Plaintiff Cleo Willis cannot and will not be able to allege or prove that there was any racially discriminatory motive.  (Affidavit of James Manning, para 13)

d.      Plaintiff Cleo Willis has failed to allege or offer proof that Defendant Ryan Wessels treated Plaintiff Cleo Willis different than the other tenants in the building or that the

---

[1] While it is a moving target, Plaintiff Cleo Willis now alleges in his Motion to Cease and Desist that he was subject to discrimination based on his status as a Section 8 tenant.  There is no allegation in the Motion to Cease and Desist to suggest that Plaintiff Cleo Willis was subject to unlawful discrimination based on race.

6

leased premises was offered for rent or was otherwise available for rent to members outside of the protected class.  Specifically, there is no allegation or proof that there was any dissimilar treatment of Plaintiff Cleo Willis compared to the other tenants in the building.  Plaintiff Cleo Willis cannot and will not be able to allege or prove that there was any dissimilar treatment where all of the tenants in the building were requested to vacate the building.  (Affidavit of James Manning, para. 5)

7.        Plaintiff Cleo Willis' Complaint, premised on his stubborn refusal to acknowledge the validity of the change in ownership of the leased premises, is fatally defective where Plaintiff Cleo Willis has not alleged and will never be able to allege that Defendant Ryan Wessels did anything more than make a lawful demand for the payment of rent and for possession of the leased premises on behalf of the new owner and evict Plaintiff Cleo Willis from the leased premises by judicial process after Plaintiff Cleo Willis failed to pay rent, which acts are expressly permitted by federal and state law.  (Affidavit of James Manning, para. 9 & para. 10)

7.        In addition, the sole allegation that "Wessell is white, I am black" is inflammatory and  is insufficient as a matter of law to support a claim that Defendant Ryan Wessels engaged in unlawful housing discrimination based on race.

WHEREFORE, Defendant Ryan Wessels prays this Honorable Court to grant Defendant Ryan Wessells' Motion for Summary Judgment, for Defendant Ryan Wessels' attorney's fees and court costs incurred herein, and for such other and further relief as the Court may deem proper under the circumstances.

Respectfully Submitted,

SHAUGHNESSY LAW FIRM, LLC

/S/ Ryan S. Shaughnessy

Ryan S. Shaughnessy, #39922MO
1140 Boulder Creek Drive, Suite 202
O'Fallon, Illinois 62269
314-971-4381
ShaughnessyLawFirm@Gmail.com
Attorney for Defendant Ryan Wessels