IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

CLEO WILLIS,                          )
                                      )
        Plaintiff,                    )        Case No. 4:15CV37
v.                                    )
                                      )
JOHN MORGAN, et al.,                  )
                                      )
        Defendants.                   )

## AFFIDAVIT OF JAMES MANNING

James Manning, being duly sworn and under oath, does hereby depose and state as follows:

1.      I am over the age of eighteen (18) years of age, of sound mind and body, and make this affidavit based on my personal knowledge and observations.

2.      At all times relevant hereto, I am and was a principal of STL Real Estate Properties, LLC.

3.      Defendant Ryan Wessels, acting on behalf of STL Real Estate Properties, LLC as the new owner of the leased premises, lawfully notified Defendant Cleo Willis that there was a change in ownership of the leased premises.  This notice was given in accordance with and as required by Missouri law.

4.      Defendant Ryan Wessels, acting on behalf of STL Real Estate Properties, LLC as the new owner of the leased premises, lawfully demanded that the payment of rent be made to the new owner of the leased premises for rent for the months of January, 2015, and February, 2015. As the new owner, STL Real Estate Properties, LLC is and was entitled to collect rent from any pre-existing tenant through the date of termination of their tenancy or expiration of their lease, as may be applicable.

1

5.       Defendant Ryan Wessels, acting on behalf of STL Real Estate Properties, LLC as the new owner of the leased premises, lawfully elected not to enter into a new lease or extend or otherwise renew an expired lease for the leased premises with Plaintiff Cleo Willis or any other tenant then occupying the leased premises.  STL Real Estate Properties, LLC does not lease property.  The business model of STL Real Estate Properties, LLC is to purchase property, renovate and rehabilitate the property, and resell the property.  All of the tenants in the building, notwithstanding their race, had their month-to-month tenancies terminated consistent with the business model of STL Real Estate Properties, LLC.

6.       Defendant Ryan Wessels, acting on behalf of STL Real Estate Properties, LLC as the new owner of the leased premises, lawfully terminated the holdover tenancy, month to month tenancy or lease of Plaintiff Cleo Willis by providing notice of the termination of the tenancy of Plaintiff Cleo Willis and by making a demand upon the Plaintiff Cleo Willis to quit or otherwise surrender possession of the leased premises on or before February 28, 2015.  This written notice, terminating the lease or tenancy for failure to pay rent, was made and delivered in accordance with and as required by Missouri law.

7.       Defendant Ryan Wessels, acting on behalf of STL Real Estate Properties, LLC as the new owner, lawfully terminated the holdover tenancy, month to month tenancy or lease for legitimate, non-discriminatory business reasons, including (1) the purchase of the leased premises with the intent to rehabilitate the leased premises and to sell the leased premises after rehabilitation and (2) the failure and continued refusal of Plaintiff Cleo Willis to pay the monthly rent when due. Plaintiff Cleo Willis had no right to remain in the leased premises where he refused to attorn (or recognize) and pay rent to STL Real Estate Properties, LLC as the new owner.

8.      Defendant Ryan Wessels, acting on behalf of STL Real Estate Properties, LLC as the new owner, lawfully declined to participate or to continue to participate in the Housing Assistance Payment Program and/or the Section 8 Voucher Program.  STL Real Estate Properties, LLC did not seek to participate in the Section 8 Voucher Program because its business model did not include the rental of the property.

9.      Defendant Ryan Wessels, acting on behalf of STL Real Estate Properties, LLC as the new owner, lawfully threatened to evict Plaintiff Cleo Willis by judicial process where (1) Plaintiff Cleo Willis failed and refused to acknowledge STL Real Estate Properties, LLC as the new owner of the leased premises, (2) Plaintiff Cleo Willis failed and refused to pay the monthly rent when due to the new owner for the months of January, 2015, and February, 2015), and/or (3) Plaintiff Cleo Willis clearly and unequivocally expressed an intention to remain in possession of the leased premises after the termination of his right to occupy the leased premises without the payment of rent.  The eviction was handled in accordance with Missouri law.  The same claims raised by Plaintiff Cleo Willis in this lawsuit were heard and rejected by the state trial court. Specifically, the state trial court rejected Plaintiff Cleo Willis' claims that STL Real Estate Properties, LLC did not own the leased premises, that STL Real Estate Properties, LLC failed to deliver any notice required to terminate Plaintiff Cleo Willis' tenancy or that STL Real Estate Properties, LLC conducted the eviction in an illegal or improper manner.

10.      Defendant Ryan Wessels, acting on behalf of STL Real Estate Properties, LLC as the new owner, did lawfully evict Plaintiff Cleo Willis from the leased premises by judicial process either (1) for failure to pay the monthly rent for January, 2015, and thereafter and (2) for failure to surrender possession of the leased premises on or before February 28, 2015.  The state trial court entered judgment for possession and past due rent in favor of STL Real Estate Properties, LLC.

3

The same claims raised by Plaintiff Cleo Willis in this lawsuit were heard and rejected by the state trial court.  Specifically, the state trial court rejected Plaintiff Cleo Willis' claims that STL Real Estate Properties, LLC did not own the leased premises, that STL Real Estate Properties, LLC failed to deliver any notice required to terminate Plaintiff Cleo Willis' tenancy or that STL Real Estate Properties, LLC conducted the eviction in an illegal or improper manner.

11.     Defendant Ryan Wessels, acting on behalf of STL Real Estate Properties, LLC as the new owner, may and did lawfully evict a tenant during a time of cold weather.  Under Missouri law, there are no restrictions on when a tenant can be evicted.

12.     Defendant Ryan Wessels acted in a non-discriminatory manner.  All of the tenants occupying the leased premises were treated equally and in the same manner.  STL Real Estate Properties, LLC did not renew or otherwise permit any of the tenants to continue to occupy the leased premises.

13.     Defendant Ryan Wessels had no discriminatory motive.  Defendant Ryan Wessels harbored no racial animus towards Plaintiff Cleo Willis and used no foul or inappropriate language when speaking to Plaintiff Cleo Willis.  STL Real Estate Properties, LLC and Defendant Ryan Wessels purchased the property from a black man, co-Defendant Morgan, and has regularly engaged in purchase and sale transactions with black men, women and families as well as minority owned companies.

14.     STL Real Estate Properties, LLC has adopted an Equal Service Policy and abides by the NAR Code of Ethics that require strict compliance with federal, state and local fair housing laws.  In purchasing the property and in evicting tenants from the property, STL Real Estate Properties, LLC acted in strict compliance with all applicable federal, state and local fair housing laws.

15.    In response to discovery, Plaintiff Cleo Willis has not produced any documents or provided an answers to Defendant's First Set of Interrogatories to establish that STL Real Estate Properties, LLC or Defendant Ryan Wessels acted in a discriminatory manner or acted with a discriminatory motive.  Plaintiff Cleo Willis simply asserts that there was discrimination because Plaintiff Cleo Willis is black and Defendant Ryan Wessels is white.  The fact that the parties to a transaction are of different races does not alone support a claim of discrimination.

16.    Further, Affiant sayeth not.


[Remainder of Page Intentionally Left Blank]