UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CLEO WILLIS, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:15CV00037 SNLJ |
| | ) | |
| JOHN MORGAN and RYAN WESSELS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants' separate motions for summary

judgment. Plaintiff filed a response to defendant John Morgan's motion. Plaintiff failed

to file a response to defendant Ryan Wessels's motion and the time for doing so has

expired. The motions are ripe for disposition. For the following reasons, the Court will

grant both motions.

## I.    Background

Plaintiff Cleo Willis, Sr. filed this action against defendants John Morgan and

Ryan Wessels alleging violations of the Fair Housing Act.[1]  According to the complaint,

plaintiff was a tenant in a house owned by defendant Morgan.  Defendant Morgan sold

the house to STL Real Estate Properties, LLC and, thereafter, defendant Wessels acted on

behalf of the new owner.  Plaintiff alleges gender discrimination by defendant Morgan in

---

[1] Plaintiff also alleged a claim for violation of the Civil Rights Act of 1964, but did not identify any
specific provisions.  [ECF #1]  He was granted leave to proceed in forma pauperis, and after a 28 U.S.C.
§1915(e) review, he was granted leave to proceed only on his Fair Housing Act claims.  [ECF #5]
Additionally, plaintiff named STL Real Estate Properties, LLC as a defendant.  The Court did not grant
him leave to proceed against STL Real Estate Properties, LLC and dismissed that defendant.  [ECF #5]

selling the house without providing him adequate notice while giving adequate notice of the sale to defendant Morgan's female relatives who lived on the premises.  Plaintiff, who is African-American, claims that defendant Wessels, a Caucasian male, acted in a racially discriminatory manner by harassing him to move, demanding payment of the rent to the new owner, and evicting him from the property.

## II.     Summary Judgment Standard

Summary judgment is appropriate when no genuine issue of material fact exists in the case and the movant is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The initial burden is on the moving party.  *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op. Inc.*, 838 F.2d 268, 273 (8th Cir. 1988).  After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Instead, the nonmoving party bears the burden of setting forth affirmative evidence and specific facts by affidavit and other evidence showing that there is a genuine dispute of a material fact.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Celotex*, 477 U.S. at 324.

A plaintiff's pro se status does not excuse him from responding to a defendant's motion with specific factual support for his claims to avoid summary judgment, *Beck v. Skon*, 253 F.3d 330, 333 (8th Cir. 2001), or from complying with local rules, *see Schooley v. Kennedy*, 712 F.2d 372, 373 (8th Cir. 1983).  The movant's statement of facts are deemed admitted if not specifically controverted by the opposing party.  E.D. Mo. L.R. 4.01 (E).  However, "[t]he Eighth Circuit has determined that when a plaintiff fails

to respond adequately to a motion for summary judgment, a district court should not treat such a non-response as sufficient to dispose of the motion." *Lowry v. Powerscreen USB, Inc.*, 72 F.Supp.2d 1061, 1064 (E.D. Mo. 1999) (citing *Canada v. Union Electric Co.*, 135 F.3d 1211, 1213 (8th Cir. 1997). "Courts should proceed to examine those portions of the record properly before them and decide for themselves whether the motion is well taken." *Id.* "In so ruling, even on an unopposed motion for summary judgment, the court should review the facts in a light most favorable to the party who would be opposing the motion." *Id.*

## III.   Fair Housing Act

The Fair Housing Act (FHA) protects buyers and renters from discrimination "because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(a)-(b). Specifically, § 3604(a)-(b) of the FHA makes it unlawful:

> (a) To refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin.

> (b) To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin.

"Disparate-treatment claims under the FHA are tested under the same framework as Title VII disparate-treatment claims." *Gallagher v. Magner*, 619 F.3d 823, 831 (8th Cir. 2010) (citing *Ring v. First Interstate Mortgage, Inc.*, 984 F.2d 924, 926 (8th Cir.1993) (applying the three-stage Title VII analysis to a FHA disparate treatment claim)). "The standard is familiar—did the defendant(s) treat the plaintiff(s) less

favorably than others based on their race, color, religion, sex or national origin?"

*Gallagher*, 619 F.3d at 831. "Proof of discriminatory purpose is crucial for a disparate treatment claim." *Id.* (citing *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 335 n. 15, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977)). "Summary judgment is warranted if the plaintiff cannot produce either (a) direct evidence of discriminatory intent or (b) indirect evidence creating an inference of discriminatory intent under the *McDonnell Douglas*[2] burden-shifting framework." *Id.* (citations omitted).

## IV.   Defendant Ryan Wessels's Motion for Summary Judgment

### A.   Facts

Plaintiff failed to file a response to defendant Wessels's motion. Even if plaintiff's response to defendant Morgan's motion could be construed as a response to both motions, he failed to specifically controvert defendant's statement of facts and, therefore, those facts are deemed admitted for this motion. *O'Connell v. Accurate Plumbing, LLC*, 4:04CV1368 FRB, 2005 WL 2176926, at *2 (E.D. Mo. Sept. 8, 2005) (citing *Northwest Bank & Trust Co. v. First Ill. Nat'l Bank*, 354 F.3d 721, 724-25 (8th Cir. 2003); *Harris v. Interstate Brands Corp.*, 348 F.3d 761, 762-63 (8th Cir. 2003)). The undisputed facts, as supported by the record, are set forth below.

Plaintiff asserts a racial discrimination claim under the FHA against defendant Wessels. Plaintiff's complaint includes a three-page narrative of his allegations against the defendants. In the complaint, plaintiff alleges that defendant Wessels engaged in the following allegedly discriminatory conduct:

---

[2] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

- "Wessell[s] called me and began to harass me and railroad me to move, to give him rent money, yet never produce document that he bought the building."

- "Wessell[s] is white, I am black."

- "The house was quickly sold [by John Morgan] to a Ryan Wessel[s]."

- "Ryan Wessel[s] began to harass me to move out in the cold weather of February."

- "He even told me there were grounds to evict me."

- "I am being harassed by the new owner."

- "Wessel[s] still calling me, harassing me and told me to give him the rent money and to be out by February."

- "Wessel[s] never returned the Housing Authority second call as it relates to proof that he bought the building."

The uncontroverted facts submitted by defendant Wessels establish that he was acting on behalf of STL Real Estate Properties, LLC, the new owner of the house bought from defendant Morgan. In so doing, he notified plaintiff that there was a change in ownership of the property. He made a demand for rent payments on behalf of the new owner for the months of January and February, 2015. The new owner elected to not enter into a new lease or extend or otherwise renew an expired lease for the property with plaintiff or any other tenant then occupying the house.

Wessels, on behalf of the new owner of the property, terminated the holdover tenancy, month to month tenancy, or lease of plaintiff by providing notice of the

termination of the tenancy of plaintiff and by making a demand upon plaintiff to quit or otherwise surrender possession of the property on or before February 28, 2015. The new owner's non-discriminatory business reasons for choosing not to lease the property to plaintiff included: (1) the purchase of the property with the intent to rehabilitate it and to sell it after rehabilitation; and (2) the failure and continued refusal of plaintiff to pay the monthly rent when due. The new owner declined to participate or continue to participate in the Housing Assistance Payment Program and/or the Section 8 Voucher Program. Defendant Wessels lawfully threatened to evict plaintiff by judicial process where: (1) plaintiff failed and refused to acknowledge STL Real Estate Properties, LLC as the new owner of the property; (2) plaintiff failed and refused to pay the monthly rent when due to the new owner for the months of January and February, 2015; and (3) plaintiff clearly and unequivocally expressed an intention to remain in possession of the property after the termination of his right to occupy the property without the payment of rent.

Plaintiff, in response to discovery requests, has not offered any evidence to support his claim of race discrimination, except his repeated allegation that discrimination is established because "Wessel[s] is white, I am black" and he believes the transfer of the property to STL Real Estate Properties, LLC was illegal. In his answers to interrogatories, plaintiff stated he called the police on STL Real Estate Properties, LLC, defendant Morgan, and defendant Wessels because of their discriminatory acts. He also stated, "[t]hey would not have treated me the way they did if I was white." He alleged that they lied about owning the building "because I was black and on Section 8."

## B. Discussion

Defendant Wessells contends that he is entitled to judgment as a matter of law because plaintiff has not offered any evidence of racial discrimination under the FHA. Specifically, he states that plaintiff has not offered any evidence to support his allegations that after defendant Morgan sold the property, defendant Wessels "began to harass me and railroad me to move" without proof that he purchased the building and that such actions were racial discrimination because "Wessel[s] is white, I am black."

Defendant Wessels has submitted uncontroverted affidavit testimony that the decision to purchase the property by STL Real Estate Properties, LLC, and his actions on its behalf, were not based on any racial discrimination. According to the uncontroverted testimony, the new owner and Wessels complied with Missouri law in providing notice of the change in ownership, demanding payment of rent due, electing not to enter into a new lease or renew an expired lease with plaintiff or any other tenant, in providing notice of the termination of the tenancy, and demanding plaintiff to surrender possession of the premises for failure to pay rent. In March 2015, judgment was entered in favor of the new owner in state court ordering plaintiff to surrender possession of the premises and to pay past due rent and court costs.

There is no evidence that defendant Wessels denied or refused, or otherwise made unavailable, a dwelling for plaintiff based on his race. There is no evidence of dissimilar treatment – all of the tenants in the building were requested to vacate the premises based on the new owner's purchase and plans for the property. There is no evidence that the decision to purchase the property, rehabilitate the property, and sell the property after

rehabilitation was motivated by racial discrimination.  Further, there is no evidence that

the demand for rent due, notice of termination of tenancy, or threatened eviction was

motivated by race.  Plaintiff's claim of racial discrimination boils down to nothing more

than his statement that "Wessel[s] is white.  I am black."  This statement is not direct

evidence of discrimination or indirect evidence creating an inference of racial

discrimination.  The Court finds that plaintiff's claim for race discrimination is not

supported by the uncontroverted evidence.  As a result, defendant Wessels's motion will

be granted.

**V.      Defendant John Morgan's Motion for Summary Judgment**

      **A.      Facts**

Although plaintiff filed a response to this motion, he failed to specifically

controvert defendant's statement of facts and, therefore, those facts are deemed admitted

for this motion.  *O'Connell v. Accurate Plumbing, LLC*, 4:04CV1368 FRB, 2005 WL

2176926, at *2 (E.D. Mo. Sept. 8, 2005) (citing *Northwest Bank & Trust Co. v. First Ill.

Nat'l Bank*, 354 F.3d 721, 724-25 (8th Cir. 2003); *Harris v. Interstate Brands Corp.*, 348

F.3d 761, 762-63 (8th Cir. 2003)).  The undisputed facts, as supported by the record, are

set forth below.

Plaintiff asserts a gender racial discrimination claim against Morgan under the

FHA.  Plaintiff was renting one of the units of a two-family flat located at 4153 Flad

Avenue, St. Louis, Missouri from defendant John Morgan.  Plaintiff rented the unit under

the St. Louis Housing Authority, receiving rental subsidy.  Plaintiff rented the unit from

defendant Morgan from 2010 until December 2014.  Under the St. Louis Housing

Authority, Plaintiff was required to recertify each year, providing a subsequent twelve-month lease to continue receiving rental subsidy.

Defendant Morgan verbally informed plaintiff of his intent to sell the property and posted a "for sale" sign in the yard. The property was sold to STL Real Estate Properties, LLC on December 24, 2014. A new twelve-month lease for 2015 was not entered into or submitted to St. Louis Housing Authority for recertification as to plaintiff.

In plaintiff's complaint, he alleges defendant Morgan: (a) "informed his mother and aunt that lived downstairs unit that he was going to sell the house and did not tell me;" (b) "they are females, I am male;" and (c) "they were his relatives, I am not." In his response to defendant Morgan's motion, plaintiff's allegation of gender discrimination is summed up in one paragraph:

> Morgan's female relatives … told me that the building was going to be sold – not Morgan. They had already found a place and they were packing. They possibly were informed before me weeks, or months before the females told me. Morgan told the females and did not tell me, a male. This is the basis of my discrimination [claim]. This is unfair and against the Fair Housing Act because they were his relatives and females.

## B.    Discussion

Defendant Morgan contends that he is entitled to judgment as a matter of law because plaintiff has not offered any evidence to support his allegations that defendant Morgan sold the property and discriminated against him based on gender. Instead, defendant Morgan has submitted uncontroverted affidavit testimony that his decision to sell the property to STL Real Estate Properties, LLC was not based on any discriminatory act of gender.

In his complaint, plaintiff alleges that defendant Morgan's mother and aunt, who are both female were informed that the building was going to be sold but Morgan did not tell him. This allegation is contradicted in his complaint by the statement that he spoke with defendant Morgan on the phone about the for sale sign in the yard at which time defendant Morgan told plaintiff that he was selling the building. The sole fact that defendant Morgan told his female relatives that he was selling the building before he told plaintiff is not direct evidence of discrimination or indirect evidence creating an inference of gender discrimination. In his response to the motion, plaintiff has not provided any evidence or testimony supporting his claim of gender discrimination. Defendant Morgan did not deny or refuse plaintiff dwelling based on his gender. Defendant Morgan's sale of the property did not discriminate against plaintiff. The Court finds that plaintiff's claim for gender discrimination is not supported by the uncontroverted evidence. As a result, defendant Morgan's motion will be granted.

## VI.     Conclusion

For the foregoing reasons, this Court will grant the separate motions for summary judgment filed by defendants Morgan and Wessel. There are no remaining defendants in this matter.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Ryan Wessels's motion for summary judgment (ECF #41) is **GRANTED**.

**IT IS FURTHER HEREBY ORDERED** that defendant John Morgan's motion for summary judgment (ECF #43) is **GRANTED**.

**IT IS FINALLY HEREBY ORDERED** that judgment is entered in favor of

defendants John Morgan and Ryan Wessels and against plaintiff Cleo Willis, Sr.

A separate judgment shall accompany this Memorandum and Order.

Dated this 24th day of June, 2016.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE